UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANDY BOUCHER and LEON A. KING II,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF WORCESTER, BAHAMA BOB'S WORCESTER, INC., PETER TOWLER, DANIEL DOWD, THOMAS DOWD, THOMAS DUFFY, EDWARD McGINN, MOORE, THOMAS, FALCONE and ORTIZ,<br>    Defendants. | C.A. No. 04-12673 REK |

**DEFENDANT THOMAS DOWD'S ANSWER TO PLAINTIFFS'
COMPLAINT AND JURY DEMAND**

Now comes the Defendant Thomas Dowd (hereinafter "Dowd"), and answers the plaintiffs' complaint as follows:

**INTRODUCTION**

1. Paragraph one of the complaint is introductory and, as a preliminary statement, does not require a response. To the extent that paragraph one of the complaint contains any facts or advances any allegations, Dowd denies same.

**JURISDICTION**

2. Paragraph two of the complaint is a jurisdictional statement that does not require a response. To the extent that paragraph two of the complaint contains any facts or advances any allegations, Dowd denies same.

1

## PARTIES

3. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph three of the complaint.

4. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph four of the complaint.

5. Admitted.

6. Admitted.

7. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seven of the complaint.

## FACTS

8. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph eight of the complaint.

9. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph nine of the complaint.

10. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph ten of the complaint.

11. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph eleven of the complaint.

12. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph twelve of the complaint.

13. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations

contained within paragraph thirteen of the complaint.

14. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph fourteen of the complaint.

15. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph fifteen of the complaint.

16. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph sixteen of the complaint.

17. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seventeen of the complaint.

18. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph eighteen of the complaint.

19. Dowd admits that he and Daniel Dowd, Thomas Duffy, Edward McGinn, James Moore and Jose Ortiz were Worcester police officers that arrived at the A-MEN. Dowd denies that John Thomas and Patricia Falcone either were Worcester police officers or arrived at the A-MEN.

20. Dowd admits that he and Thomas Duffy handcuffed Mr. King while on the floor, but denies the remaining facts or allegations contained within paragraph twenty of the complaint.

21. Dowd denies the facts or allegations contained within paragraph twenty-one of the complaint.

22. Dowd denies that he was present at such an alleged event, but is without sufficient knowledge either to admit or deny the remaining facts or allegations contained within

paragraph twenty-two of the complaint.

23. Dowd denies the facts or allegations contained within paragraph twenty-three of the complaint.

24. Dowd denies that he took the plaintiffs outside or placed them into a patrol wagon, but admits that the plaintiffs were removed from the club and were placed into a patrol wagon.

25. Dowd admits that Richard Tousignant and Brandon Blair were arrested and placed into a patrol wagon, but denies the remaining facts or allegations contained with paragraph twenty-five of the complaint.

26. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph twenty-six of the complaint.

27. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph twenty-seven of the complaint.

28. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph twenty-eight of the complaint.

29. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph twenty-nine of the complaint.

30. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph thirty of the complaint.

31. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph thirty-one of the complaint.

32. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations

contained within paragraph thirty-two of the complaint.

33. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph thirty-three of the complaint.

34. Dowd denies that he caused physical injury or pain to plaintiff King, but is without sufficient knowledge either to admit or deny the remaining facts or allegations contained within paragraph thirty-four of the complaint.

35. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph thirty-five of the complaint.

36. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph thirty-six of the complaint.

37. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph thirty-seven of the complaint.

**COUNT ONE:**   **42 U.S.C. § 1983 FOURTH AMENDMENT CLAIM**

38. Dowd repeats his answers to paragraphs one through thirty-seven as if fully set forth herein.

39. Dowd denies that he used unreasonable and unnecessary force on the plaintiffs or that he seized the plaintiffs without probable cause and denies further that he acted jointly with others in using unreasonable and unnecessary force or seizing the plaintiffs without probable cause.

40. Dowd denies the facts or allegations contained within paragraph forty of the complaint.

41. Dowd denies the facts or allegations contained within paragraph forty-one of the complaint.

42. Dowd denies the facts or allegations contained within paragraph forty-two of the complaint.

**COUNT TWO:    MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. C. 12, § 11I**

43. Dowd repeats his answers to paragraphs one through forty-two as if fully set forth herein.

44. Dowd denies the facts or allegations contained within paragraph forty-four of the complaint.

45. Dowd denies the facts or allegations contained within paragraph forty-five of the complaint.

**COUNT THREE:    ASSAULT & BATTERY**

46. Dowd repeats his answers to paragraphs one through forty-five as if fully set forth herein.

47. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph forty-seven of the complaint.

48. Dowd denies that he committed the tort of assault and battery on plaintiff King, but is without sufficient knowledge either to admit or to deny the remaining allegations contained within paragraph forty-eight of the complaint.

49. Dowd denies the facts or allegations contained within paragraph forty-nine of the complaint.

**COUNT FOUR:    FALSE IMPRISONMENT**

50. Dowd repeats his answers to paragraphs one through forty-nine as if fully set forth herein.

51. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph fifty-one of the complaint.

52. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations

6

contained within paragraph fifty-two of the complaint.

53. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph fifty-three of the complaint.

54. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph fifty-four of the complaint.

**COUNT FIVE:       MALICIOUS PROSECUTION**

55. Dowd repeats his answers to paragraphs one through fifty-four as if fully set forth herein.

56. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph fifty-six of the complaint.

57. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph fifty-seven of the complaint.

**COUNT SIX:       42 U.S.C. § 1983 CLAIM AGAINST THE CITY OF WORCESTER**

58. Dowd repeats his answers to paragraphs one through fifty-seven as if fully set forth herein.

59. Dowd denies the facts or allegations contained within paragraph fifty-nine of the complaint.

60. Dowd denies the facts or allegations contained within paragraph sixty of the complaint.

61. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph sixty-one of the complaint.

62. Dowd denies the facts or allegations contained within paragraph sixty-two of the complaint.

## COUNT SEVEN: M.G.L. C. § 12 11I CLAIM AGAINST BAHAMA BOB'S WORCESTER, INC.

63. Dowd repeats his answers to paragraphs one through sixty-two as if fully set forth herein.

64. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph sixty-four of the complaint.

65. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph sixty-five of the complaint.

66. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph sixty-six of the complaint.

67. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph sixty-seven of the complaint.

68. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph sixty-eight of the complaint.

69. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph sixty-nine of the complaint.

70. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seventy of the complaint.

71. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seventy-one of the complaint.

72. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seventy-two of the complaint.

73. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations

contained within paragraph seventy-three of the complaint.

## COUNT EIGHT: NEGLIGENCE CLAIM AGAINST BAHAMA BOB'S WORCESTER, INC.

74. Dowd repeats his answers to paragraphs one through seventy-three as if fully set forth herein.

75. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seventy-five of the complaint.

76. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seventy-six of the complaint.

77. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seventy-seven of the complaint.

78. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seventy-eight of the complaint.

79. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seventy-nine of the complaint.

80. Dowd is without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph eighty of the complaint.

### First Affirmative Defense

The plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The plaintiffs are collaterally estopped from recovery.

### Third Affirmative Defense

The plaintiffs are barred from recovery by res judicata.

### Fourth Affirmative Defense

The plaintiffs consented to the actions of the defendants.

### Fifth Affirmative Defense

The actions of the defendants were justified.

### Sixth Affirmative Defense

The defendants acted out of necessity.

### Seventh Affirmative Defense

The defendants acted in good faith and with probable cause.

### Eighth Affirmative Defense

The defendants have qualified immunity.

### Ninth Affirmative Defense

The defendants are immune from suit.

### Tenth Affirmative Defense

The plaintiffs have failed to commence this action within the appropriate statute of limitations.

### Eleventh Affirmative Defense

The defendants acted in good faith reliance on legislative or statutory authority.

### Twelfth Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiffs' own negligence so that any recovery should be reduced in proportion to that negligence.

### Thirteenth Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiffs' own negligence and that negligence was equal to or greater than that of the defendants so that recovery is barred.

**WHEREFORE**, Defendant Thomas Dowd requests that this Honorable Court enter judgment in his favor and award him his costs.

### DOWD DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Thomas Dowd
By his attorneys,

/s/ Andrew Gambaccini

_____
Michael J. Akerson
BBO # 558565
Andrew Gambaccini
BBO # 654690
REARDON, JOYCE & AKERSON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

## CERTIFICATE OF SERVICE

I, Andrew Gambaccini, hereby certify that I have on this 18th day of February, 2005, mailed a copy of the enclosed Defendant Thomas Dowd's Answer to Plaintiffs' Complaint and Jury Demand, via U.S. Mail, first class, postage prepaid to all counsel of record as follows:

Howard Friedman, Esq.
Myong J. Joun, Esq.
Jennifer L. Bills, Esq.
Law Offices of Howard Friedman, P.C.
90 Canal Street, Fifth Floor
Boston, MA 02114-2022

Donald Rider, Esq.
Assistant City Solicitor
City of Worcester Law Department
City Hall, Room 301
Worcester, MA 01608

By: /s/ Andrew Gambaccini
_____
Andrew Gambaccini