UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04CV12673-FDS

RANDY BOUCHER and           )
LEON A KING II,             )
        Plaintiffs          )
                            )
v.                          )     ANSWER OF DEFENDANTS CITY
                            )     OF WORCESTER, PETER TOWLER,
CITY OF WORCESTER,          )     DANIEL DOWD, THOMAS C. DUFFY,
BAHAMA BOB'S WORCESTER,     )     EDWARD MCGINN, MOORE, THOMAS,
INC., PETER TOWLER,         )     FALCONE AND ORTIZ
DANIEL DOWD, THOMAS DOWD,   )
THOMAS C. DIFFY, EDWARD     )
MCGINN, MOORE, THOMAS,      )
FALCONE AND ORTIZ,          )
        Defendants          )

Defendants City of Worcester Peter Towler, Daniel Dowd, Thomas Duffy, Edward McGinn, Moore, Thomas, Falcone and Ortiz ("Defendants") hereby answer Plaintiffs' Complaint, as follows.

INTRODUCTION

1.   Paragraph 1 of Plaintiffs' Complaint presents a conclusion of law to which a responsive pleading by Defendants is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

JURISDICTION

2.   Paragraph 2 of Plaintiffs' Complaint presents a conclusion of law to which a responsive pleading by Defendants is not required.

PARTIES

3.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.   Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.   Defendants admit the first sentence of paragraph 5 of Plaintiffs' Complaint, except that Defendants deny the allegations that Thomas and Falcone were so employed. The second sentence presents a conclusion of law to which a responsive pleading is not required.

7.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Complaint.

## ALLEGED FACTS

8.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.   Defendants admit the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.   Defendants admit the allegations contained in the first sentence of paragraph 11. Defendants deny the allegations contained in the second sentence of that paragraph.

12.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12 of Plaintiffs' Complaint, except that Defendants admit the allegation that, at some time on December 23, Plaintiffs were on the first floor.

13.   Defendants admit the allegations contained in paragraph of Plaintiffs' Complaint that Defendant Towler appeared on the first floor, telling patrons that it was time to get out of the establishment because it was closed or was about to close, but deny the remaining allegations contained in that paragraph.

14.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Complaint, except that Defendants admit the allegation that Officer Towler was on the first floor.

16. Defendants admit the allegations contained in paragraph 16 of Plaintiffs' Complaint that Plaintiff King yelled at Defendant Towler, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendants admit the allegations contained in paragraph 19 of Plaintiffs' Complaint, except that Defendants deny the allegations that Thomas and Falcone are Worcester police officers.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint, but clarify that more than one police officer assisted in handcuffing Plaintiff King.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint, but clarify that one or more officers took Plaintiffs outside the A-Men Club and placed them into a patrol wagon.

25. Defendants admit the first sentence of paragraph 25 of Plaintiffs' Complaint, but deny the remaining allegations contained in that paragraph.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendants admit the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Defendants admit the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Defendants admit the allegations contained in paragraph 30 of Plaintiffs' Complaint that the booking videotape was erased, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

31. Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiffs' Complaint.

ALLEGED DAMAGES

33. Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Complaint.

36. Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

COUNT ONE
(42 U.S.C. § 1983 FOURTH AMENDMENT CLAIM)

38. Defendants repeat and re-allege their answers to paragraphs 1 through 37 of Plaintiffs' Complaint, as if fully set forth herein.

4

39. Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Complaint.

## COUNT TWO
(MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. C. 12, § 11I)

43. Defendants repeat and re-allege their answers to paragraphs 1 through 42 of Plaintiffs' Complaint, as if fully set forth herein.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Complaint.

## COUNT THREE
(ASSAULT AND BATTERY)

46. Defendants repeat and re-allege their answers to paragraphs 1 through 45 of Plaintiffs' Complaint, as if fully set forth herein.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

## COUNT FOUR
(FALSE IMPRISONMENT)

50. Defendants repeat and re-allege the answers to paragraphs 1 through 49 of Plaintiffs' Complaint, as if fully set forth herein.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiffs' Complaint.

## COUNT FIVE
### (MALICIOUS PROSECUTION)

55. Defendants repeat and re-allege their answers to paragraphs 1 through 54 of Plaintiffs' Complaint, as if fully set forth herein.

56. Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

## COUNT SIX
### (42 U.S.C. § 19832 CLAIM AGAINST THE CITY OF WORCESTER)

58. Defendants repeat and re-allege their answers to paragraphs 1 through 57 of Plaintiffs' Complaint, as if fully set forth herein.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60. Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61. Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62. Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

<u>COUNT SEVEN</u>
(M.G.L. C. 12, § 11I CLAIM <u>AGAINST BAHAMA BOB'S WORCESTER, INC.</u>)

63. Defendants repeat and re-allege their answers to paragraphs 1 through 62 of Plaintiffs' Complaint, as if fully set forth herein.

64. Paragraph 64 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

65. Paragraph 65 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

66. Paragraph 66 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

67. Paragraph 67 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

68. Paragraph 68 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

69. Paragraph 69 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

70. Paragraph 70 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as

alleging facts directed against Defendants, Defendants deny them.

71. Paragraph 71 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

72. Paragraph 72 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

73. Paragraph 73 is directed against another Defendant and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

<u>COUNT EIGHT</u>
(NEGLIGENCE CLAIM AGAINST BAHAMA BOB'S WORCESTER, INC.)

74. Defendants repeat and re-allege their answers to paragraphs 1 through 73 of Plaintiffs' Complaint, as if fully set forth herein.

75. Paragraph 75 is directed against another Defendant and therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

76. Paragraph 76 is directed against another Defendant and therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

77. Paragraph 77 is directed against another Defendant and therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

78. Paragraph 78 is directed against another Defendant and therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

79. Paragraph 79 is directed against another Defendant and therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

80. Paragraph 80 is directed against another Defendant and therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted, including but not limited to the claims against Defendants Thomas and Falcone, who were neither police officers nor present at the scene of the alleged incident.

SECOND AFFIRMATIVE DEFENSE

The individual Defendants are qualifiedly immune from liability.

THIRD AFFIRMATIVE DEFENSE

Defendants' actions were justified and in good faith at all times.

FOURTH AFFIRMATIVE DEFENSE

The force used as to Plaintiffs was reasonable under all the circumstances; there was probable cause for their arrest; and their First Amendment rights were not violated.

FIFTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

SIXTH AFFIRMATIVE DEFENSE

The individual Defendants did not interfere with, or attempt to interfere with, any federal or state constitutional or statutory right of Plaintiffs by means of threats, intimidation or coercion.

## SEVENTH AFFIRMATIVE DEFENSE

Mass. Gen. Laws c. 12, § 11I is not actionable against Defendant City of Worcester.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

## NINTH AFFIRMATIVE DEFENSE

Any interference or attempted interference by Defendants with any of Plaintiffs' secured rights was not by threats, intimidation or coercion.

## TENTH AFFIRMATIVE DEFENSE

Any direct deprivation of any of Plaintiffs' secured rights is not cognizable under Mass. Gen. Laws c. 12, § 11I.

## ELEVENTH AFFIRMATIVE DEFENSE

The individual Defendants did not intend to create in Plaintiff a reasonable apprehension of impending physical harm.

## TWELFTH AFFIRMATIVE DEFENSE

The individual Defendants did not intentionally and unjustifiably use excessive or harmful force against Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff provoked the individual Defendants at the time of the alleged assault and battery.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant Towler was justified in imprisoning or restraining Plaintiffs, as their arrest was not false or unlawful.

## FIFTEENTH AFFIRAMTIVE DEFENSE

Defendant Towler did not at any time act with malice against Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiffs' Complaint were directly and proximately caused by acts of a third person, which acts Defendants had no reason to anticipate and of which person Defendants had no knowledge and over whom they had no control.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiffs' Complaint were the result of supervening and intervening causes unrelated to any acts of Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to adequately plead any special damages.

### NINIETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable under Mass. Gen. Laws c. 12, § 11I.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The individual Defendants at all times were motivated with neither an evil intent or motive, nor a reckless or callous indifference, toward any of Plaintiffs' rights.

WHEREFORE, Defendants pray that this Court enter judgment in their favor as follows:

1. that Plaintiffs' Complaint be dismissed;

2. that Plaintiffs take nothing by their Complaint; and

3. for such other and further relief as this Court deems proper, including costs and reasonable attorney's fees awarded to Defendant City of Worcester.

Defendants demand a trial by jury on all claims and issues so triable.

CITY OF WORCESTER, PETER TOWLER,
DANIEL DOWD, THOMAS C. DUFFY,
EDWARD MCGINN, MOORE, THOMAS,
FALCONE AND ORTIZ

By their attorneys,
David M. Moore
City Solicitor

_/s/ Donald V. Rider, Jr._
Donald V. Rider, Jr. (BBO#549777)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have served upon all parties of record the within Answer of Defendants City of Worcester, Towler, Daniel Dowd, Duffy, McGinn, Moore, Thomas, Falcone and Ortiz by mailing a copy of the same, postage prepaid, to Howard Friedman, Esquire, Law Offices of Howard Friedman, P.C. 90 Canal Street, Fifth Floor, Boston, MA 02114-2022; Richard J. Rafferty, Esquire, Eden & Rafferty, 19 Norwich Street, Worcester, MA 01608; and Michael J. Akerson, Esquire, Reardon, Joyce & Akerson, P.C., 397 Grove Street, Worcester, MA 01605 this 7th day of April, 2005.

_/s/ Donald V. Rider, Jr._
Donald V. Rider, Jr.
Assistant City Solicitor

12